Judge Ubde»won»,
delivered the opinion of the Court.
Judge Nich. 1 is did not sit in this case.
In 1814, Perry executed a deed purporting to convey Blair a part of out lot No. 4, in *153 Frankfort. The deed warrants the title against all other claims. Shortly after the execution of this deed, Blair filed a bill against the heirs of A. Holmes and others, suggesting that the' title was in said heirs, and praying that they might be compelled to convey to him. Such proceedings were had in this suit as eventuated in a decree requiring the heirs of Holmes to convey to Blair. A commissioner was appointed to make the conveyance. The record. states that be reported a deed to the court, which was approved. The decree was rendered in March, 1821. In 1823, Blair filed a bill against Perry, suggesting, that he was compelled to pay the heirs of Holmes $140 before he could obtain th$ title, that being the purchase money and interest, due them as the representatives of their ancestor, for the lot, and which had not been paid. He, therefore, asked a decree against Perry for the amount. In 1828 the circuit court dismissed the bill with costs, and this is the decision which is sought to he reversed.
Bill to recori by deed with warranthe pur-^ aUeged'to^ have remainec|1 4"? orisi1’* Pirc a-Buídis> missed, there having been "endeef nor* decree or of pay, nor ¡woof that it was at ^ vendor °E
Monroe, for plaintiff, Triplett, for defendant.
The decree must be affirmed, for many reasons. It does not appear that there has been any breach of Perry’s covenant. No eviction has taken place, Blair has not been disturbed in his possession and enjoyment. The Court did not decree that Blair .should pay the heirs of Holmes any thing. It does .not appear that they could have recovered either .land or money. It is a reasonable inference, from all the facts stated, that there has been such a continued adverse possession, as would completely protect Blair, holding under Perry and his vendors, It does not appear that Perry was guilty of any fraud.. Perry was no party to the compromise tween Blair and the heirs of Holmes. Under these circumstances, any payment made by Blair to them, pr their attorney,, for their use, cannot be regarded jn any other light than as a payment made without the sanction or request of Perry, and such an one as imposes no legal obligation upon him to remunerate Blair.
Wherefore, the decree is affirmed with costs.